Martin, J.
delivered the opinion of the court. The plaintiff and appellee complains that the statement of facts, which comes up with the record, in this case, is irregular, inasmuch as it contains a detail of the testimony received below, or a statement of every fact, not only proven, but attempted to be so there.
The act which regulates the practice of the court, 1813, ch. 12, sect. 11, provides that “there shall be no reversal for any error in fact, unless it be on a special verdict, rendered in a district court, or on a statement of facts, agreed upon by the parties, or fixed by the court, if they disagree.”
The meaning of the legislature is not easily to be ascertained. How can we reverse a judgment for an error in fact, when the facts are found by a special verdict, agreed upon by the *317 parties, or fixed by the court? The obvious inaccuracy of the expressions made use of by the legislature, in this section, occasioned much confusion on the establishment of this court; and in the third case that came before them, Brooks’s syndic svs. Weyman, 3 Martin 13, the counsel with a view, it is believed, of ascertaining the opinion of this court, moved for a venire, in order to have the facts tried de novo. The motion was overruled and an opinion was expressed that no re-examination of facts in this court, was contemplated by the legislature.
East’n. District.
May 1816.
On the authority of this decision, the counsel for the appellee in the present case, contends that a re-examination of facts must precede the application of the law, since the facts, upon which we are to pronounce, are neither found by a special verdict, agreed upon by the parties, nor fixed by the court below. The opinion of the court, in the case cited, must be understood to relate to a re-examination of the facts, in the manner in which it was asked, by a jury, or by the audition of oral testimony.
Two months after the decision there invoked, in the case of Lebreton vs. Nouchet, 3 Martin 68, the court entered into a very minute examination of the facts shewn in evidence, in the court below, and transmitted with the record—they attended *318 to certain acts of one of the parties—to letters which he had written, and finally pronounced the result of the impressions made on their minds, and declare what is proven on one side, insufficient to counterbalance the weight of the facts which are opposed.
In the month following, they acted on a statement of facts, composed of the depositions of several witnesses, and in the opinion of the court considerable stress is laid on the conclusion which is to be drawn from the particular facts sworn to, in order to fix the one, upon which the question turns. Duplantier vs. St. Pe, id. 136.
In the first case that was tried in the western district, the decision of the judge a quo and the documents accompanying it (being admitted to contain all the facts in the cause) were taken and considered as a statement of facts, the testimony of one of the witnesses commented upon by the court, and an opinion expressed of the weight to which it is entitled to. Cavelier & al. vs. Collins' heirs, id. 188.
In Duplantier vs. Pigman, id 244, the court express the result of their examination of the evidence, and conclude that there cannot be any doubt that he, the defendant, is liable to eviction—that the mortgage appears to be unsatisfied, *319 and that to a very large amount, and set aside a general verdict.
In Brown vs. Kenner & al. id. 270, the court declare that from the testimony given below, all of which is transmitted, certain facts are to be collected.
Two depositions, with the cross examinations of the witnesses, were sent up and acted upon, in lieu of a statement of facts, in Villere & al. vs. Brognier, id. 326.
A number of other cases to this effect might be cited, and there are none, except the one first quoted, from which the opposite doctrine might be inferred.
Altho’ the practice is now, for the first time, about to be settled, by an express decision, it appears that a statement of the facts, given in evidence in the court below, has universally been admitted in this, whether agreed upon by the parties, or fixed by the judge. This construction of the law has been, that of counsel and district judges, ever since the establishment of our present judiciary system, throughout every part of the state, and has been contenanced by every judge who sat in this court. The objection which is now made to it has been patiently and maturely considered and we are of opinion that it cannot prevail.
*320 The intention of the legislature was to change the old law, under which a new trial always took place on appeal. The evil was that witnesses and jurors were required in the court above, and when the sessions of the court of appeals were confined to two places for the whole state, the labor and expence of attendance became insupportable. The remedy was a provision that the facts should be sent up from the court below with the record. This was to be effected by taking down the testimony of every witness in writing, by sending up an abstract of the evidence or the final result of it. The legislator has left this to the option of the parties, their counsel, or the judge a quo. The words statement of facts are satisfied if the material facts, those on which the question turns, be set down: and they are equally so if every tittle of testimony be taken down and sent up. Neither is it easy to perceive any greater inconveniency in the latter than in the former mode, sending up the whole record, except that which arises from the labour and expence. We hear of clamours on the supposed violation of the right of trial by jury: but they, who thus declaim, may by little attention to the conduct of the cause, in the inferior court, secure every possible advantage which may result from a trial by jury.
*321 The law has provided, 1805, ch. 26, sect. 6, that “all facts, intended to be submitted to the jury, shall be drawn up by the party intending to submit them.” Now, if care be taken to present naked facts for the decision of the jury, a special finding may easily be obtained. Then no statement of facts will be necessary, the testimony of no witness, no piece of evidence is to be sent up.
If this be neglected by the counsel, and the judge below indulge the parties, by suffering the case to go to the jury without the formal submission of any issue, it is impossible for this court to declare the law, unless the evidence be previously weighed by the parties, their counsel, the judge below, or by this court. In such a case it is desirable that the parties or their counsel should do so. If they cannot concur in a result, and will candidly agree on a detail of all the evidence adduced and submit it to this court, who can complain? Will the judges of this court, could they legally, decline to yield their aid? If the animosity, too often attending litigation, prevent the parties from agreeing either on the details or the final result of the evidence introduced, the law has said a statement must be made by the judge who tried the cause, and this, whether the issue was tried by a jury or otherw *322 ise. Here again, if motives of delicacy prompt him to it, or if he judges it safest to transmit a detail of the evidence introduced, nothing appears to us to forbid it. If he deems it best to weigh and decide on the evidence, and send us the result of the impressions which his mind has received, he is at liberty so to do, and in neither case can this court compel or prevent hint.
In cases in which the parties do not resort to a jury (and these are by far the most numerous) there can hardly be any doubt, that by constituting this court a court of appeals, the constitution intended that the errors of inferior courts on points of fact, as well as those on points of law, should be corrected by it. In cases in which a jury is called in below and a general verdict is found, whether the evidence be weighed and pronounced upon by this court or by the lower one, it is a court, not the jury who do so.
We are of opinion, that the practice which has hitherto prevailed, to send the whole evidence as a statement of facts, is not in the least repugnant to the act of the legislature, and that whether it be chosen by the bench, the parties, or their counsel, we are bound to act upon the facts or evidence thus transmitted.
The defendant is sued as indorser of a note *323 which it is admitted was duly protested, and regular notice was given: but, the answer sets forth certain facts to avoid or arrest the claim of the plaintiff, viz. that the note in suit was, in the knowledge of the plaintiff, indorsed on the faith and security of a note of $ 6,800, which was deposited with Anthony Abat, the brother of the plaintiff; that the maker of the note in suit has failed, and that the large one, by which the defendant was secured in his indorsement, has been removed out of the reach of the defendant, and is kept out and concealed by persons with whom, it is alleged, the plaintiff colludes and connives; so that, if the defendant pays the note in suit, he will find himself by the act of the plaintiff, his agents, or persons over whom he exercises a control, or with whom he colludes, absolutely prevented and disabled from obtaining any benefit or advantage from the security, in contemplation of which he gave his indorsement.
On these facts, the defendant has built his hope that the court will protect him from the plaintiff’s claim: at least so far, as to see that the defendant’s money be not put into the plaintiff’s hands till the note for $ 6,800 be produced or satisfactorily accounted for.
I. At the trial, in the parish court, the de *324 fendant offered in evidence a sketch of the insolvent’s bilan, by which it appears, that this note was therein inserted as the property of the insolvent, and Antoine Abat, the plaintiff’s brother, with whom it is alleged the plaintiff colludes, in whose hands the said note had been deposited, and who was employed in the discount of the one on which the present suit is brought, caused the entry of the said note to be striken out and erased. This piece of evidence being offered to go to the jury, as circumstantial proof of the allegation of the defendant, was rejected by the parish court, whereupon the defendant took a bill of exceptions.
II. Towards the conclusion of the trial, the defendant’s counsel requested the parish judge to charge the jury, that, “ if from the evidence, they believed that the defendant’s endorsement was guaranteed by the note of $6,800, and the plaintiff was privy thereto, and that it was, in the manner charged, hindered from appearing on the bilan filed, they ought to find for the defendant.” The parish judge declining to give such a charge, the defendant’s counsel took a bill of exceptions thereon.
III. The jury brought the following verdict. “We, of the jury, find for the plaintiff the sum *325 mentioned in the petition : but the jury are of opinion, that the note of $6,800 shall be surrendered to the court to cover the note of L. Dussuau, for which it was by him given and signed."
The parish judge thereon gave judgment for the plaintiff, without paying, however, any regard to the concluding part of the verdict, the same not being warranted by law. Whereupon the defendant appealed.
He contends, that the parish judge erred, 1. in rejecting the sketch of the insolvent’s bilan, 2. in refusing to give the charge prayed for, 3. in entering judgment for the plaintiff while it was his duty to have entered it for the defendant, or at least to have awarded a new trial.
I. The objection made to the opinion in rejecting the sketch of the bilan was considered by us in June last, 3 Martin, 659, and we still think, that the defendant did not offer such evidence of a connection between the plaintiff and Antoine Abat, as could authorise the production of the sketch as evidence against the plaintiff.
II. The judge ought to have charged the jury that if the facts alleged were proven, and they concluded that the note for $6,800 was kept out *326 of sight by the agency, collusion or connivance of the plaintiff, they might either find for the defendant, or state the fact especially in their verdict—which would have been but a literal modification of what he was required to state to the jury.
III. It is very clear, that the jury took the law to be as the defendant’s counsel had suggested it to be, and that they were of opinion, that the facts stated in the answer were sufficiently proven. For, that verdict is literally the judgment which the defendant’s counsel insisted ought to have been given.
IV. The judgment of the parish court is therefore directly at variance with the verdict.
It is true, that if the jury find the whole issue and add matter impertinent thereto, the impertinent matter ought to be rejected and judgment given on the other part of the verdict. But, here matter of avoidance was pleaded, and was, to be acted upon by the jury. First, they were to find the facts in the petition: they answer, we find for the plaintiff the sum in the petition with interest. From this, the court, by implication, rightly concluded that they found the facts, on which the plaintiff rested his claim, true. They next pass to the examination of the facts *327 alleged in the answer, on which the defendant expects to arrest and suspend the plaintiff’s claim, until the note alleged to be withdrawn is returned : the jury thereon answer that the note ought to be surrendered to the court. The facts, alleged in the answer, being by induction as strongly found by the jury, the judge ought to have concluded, that the second or concluding part of the verdict was warranted by law, or that neither the one nor the other were so.
This case is a glaring instance of the difficulties in which courts involve themselves by suffering the looseness of practice which generally prevails. The law which requires that issues should be made and submitted to the jury, is disregarded; and juries, without any legal clue, endeavour to extricate themselves from the perplexing situation in which they are placed : an important part of their verdict is rejected, as not being warranted by law. In the present case we think that the part of the verdict rejected by the court was warranted by law.
We have carefully examined the record and the statement of facts, with the view of ascertaining what judgment we might properly give. The defendant has insisted on having the facts of his case found by the jury; they appear to *328 have been of opinion that they are as he has alleged them. Yet, in examining the record and statement of facts, we are not prepared to come to the same result. A jury have legal means of information not equally within the reach of a court. They know the character of the parties and the weight to which the testimony of each witness is entitled. Without any fault on his part, through the error of the judge below, he has been disabled from obtaining the effect of the verdict of the jury in his favor. Yet, however inclined we may be to afford him relief, we cannot avoid the unpleasing task of pronouncing on his case, upon the evidence spread before us. It is not alleged, nothing can justify the belief, that there is any evidence behind which might be favorable to him.
Hennen for the plaintiff, Smith for the defendant.
The plaintiff has substantiated his claim : his conscience has been probed, and the result is, that he must recover on the case made out, unless the defendant proves the alleged fraud. In this it appears to us he has not been successful.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.